[No. 12098.   In Bank. — April 29, 1887.]

S. C. BOOM ET AL., PETITIONERS, *v.* JOHN J. DE HAVEN, JUDGE OF THE SUPERIOR COURT OF HUMBOLDT COUNTY, RESPONDENT.

MANDAMUS — ISSUANCE OF SUBPŒNA — ATTENDANCE BEFORE UNITED STATES LAND OFFICIALS. — A writ of mandate will not lie to compel a judge of the Superior Court to issue a subpœna to certain persons, commanding them to appear and testify before the register and receiver of a United States land-office, in a proceeding before such officers, involving the right to purchase certain public lands of the United States.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*John T. Carey,* for Petitioners.

*Horace L. Smith,* for Respondent.

McFARLAND, J.—This is an application for a writ of mandate to compel the respondent to issue a subpœna to certain persons, commanding them to appear and testify before the register and receiver of the United States land-office at Eureka, Humboldt County, California, in a proceeding before said register and receiver, involving the right of certain parties to purchase certain public lands of the United States government. And the matter to be determined is, whether or not the issuance of such subpœna is an act which the law especially enjoins upon respondent as a duty resulting from his office. The public land system of the government of the United States, in substantially its present form, has been in existence since about the commencement of the present century. Registers and receivers have always been the principal agents of the government for the sale and disposition of its lands. Many millions of acres have passed through their hands. Numerous contests have been heard before them about the right, or rather the privilege, of purchasing, and they have taken the testimony of innumerable witnesses. But the government has never, during all this time, provided any compulsory process by which witnesses might be compelled to attend before such agents. Registers and receivers may administer oaths, and that is about the only one of the usual powers of a court given them. They have no power to issue a subpœna. They cannot bring a witness before them, or keep him there. A person present before them cannot be compelled to testify; or, having given his evidence in chief, he may refuse to be cross-examined. They have no marshal, bailiff, or other officer to keep order or enforce any mandate; nor has the government provided any other means by which those things may be done. No fees are provided for witnesses, and there can be no judgment for costs. Each party pays his own expenses, and procures the attendance of his own witnesses the best he may. (It is true

that in certain cases, where the government is itself a
party,—as where it endeavors to set aside an entry,—
the interior department may provide for the expenses of
of its own witnesses; but that is upon the theory that
each party mnst get his own witnesses before the land-
office by persuasive means.)   And this system cannot be
deemed to be the result of accident or oversight.   Igno-
rance of the compulsory methods of courts cannot be
attributed to the United States government.   It has its
own courts in which those methods are followed.   After
all these years of experience, the voluntary system in its
land department must be.taken as its well-considered
and settled policy.   And it seems to have worked reason-
ably well, and to the satisfaction of the government, for
nearly a century.   Under these circumstances, the state
of California should not be held as intending to take the
Federal government under its guardianship, and to un-
dertake to do. for it what it has steadily declined to do
for itself, unless the intention so to do has been declared
in language too plain to be misunderstood.

It is contended that there is such language in subdi-
vision 3 of section 1986 of the Code of Civil Procedure.
It is to be observed, in the first place, that the language
of that section is not, in terms, mandatory.   It merely
provides that, when a subpœna is issued, it must be in a
certain form, and by certain officers; as, for instance,
when the witness is required to appear before a commis-
sioner appointed by a court of a foreign country, or of
another state, etc., it may be issued by a judge or jus-
tice.   It is no doubt true, however, that it is the duty
of a judge to issue a subpœna under that section, in a
proper case.   But subdivision 3 of that section is founded
clearly upon the doctrine of comity.   A court of Eng-
land, or of the state of New York, or a federal court in
an eastern state, which compels the attendance of wit-
nesses by compulsory process within its own jurisdiction,
and would do so here if it could, finds itself powerless in

California to enforce the attendance of a witness before a commissioner or other officer in this state. In such a case, California, upon the principle of comity, offers the aid of the processes of its courts to enable the foreign court to do what it would itself do if it had the power. But this principle does not apply to a United States land-office located and doing business in California. This state is not beyond the jurisdiction of the United States government. If it desires to compel the attendance of witnesses before the register and receiver here, it has ample power to do so. But it does not desire to do so. It does not require the attendance of witnesses before such officers anywhere else. The compulsory attendance of witnesses in such cases is against its settled policy. It does not ask this state for any assistance in the matter, and the use of our processes would be a mere gratuitous intrusion,—an attempt to thrust our system on a government that does not want it.

The application is denied.

SEARLS, C. J., TEMPLE, J., THORNTON, J., SHARPSTEIN, J., and PATERSON, J., concurred.